**TEXAS STATE HOTEL, INC., Appellant,**

v.

**Harvey HEAGY, Appellee.**

**No. C14–82–075CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 24, 1983.

Rehearing Denied March 24, 1983.

Richard H. Callison, Parks & Moss, Houston, for appellant.

Carro Hinderstein, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

Appellee Harvey Heagy, plaintiff in the Court below, brought suit against appellant Texas State Hotel, Inc., alleging wrongful eviction, breach of contract under Tex.Rev. Civ.Stat.Ann. art. 5236 (Vernon 1962) and alternatively alleging discrimination under Tex.Hum.Res.Code Ann. § 121.003 (Vernon 1980). Trial was had to the court without a jury. The court found, *inter alia*, (1) defendant was a public facility (2) plaintiff rented a room from defendant on a verbal month-to-month tenancy agreement; (3) plaintiff is blind; (4) no sighted tenant of defendant was asked to leave defendant's premises on April 29; and (5) plaintiff was discriminated against by being ordered to vacate because he was blind. The court rendered judgment for plaintiff in the amount of $2500.00.

By way of seven points of error, appellant contends that the evidence is legally and factually insufficient to support the court's finding of discrimination and of $2500.00 as damages, and that the court erred in shifting the "burden of proof" to defendant. We perceive the determinative issue to be whether the evidence before us establishes that plaintiff proved, by a preponderance of the evidence, all requisite elements of his cause of action under the Human Resources Code. *Sharp v. Chrysler Corp.,* 432 S.W.2d 131 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). We hold that he did not, and accordingly reverse and render judgment in favor of defendant.

Plaintiff testified that he was blind; on March 30, 1980, he entered into a verbal agreement with defendant for a room at Texas State Hotel on a month-to-month basis; on April 29, 1980, he was given notice to vacate the room by 1:00 p.m. the following day; he was never loud or boisterous; he incurred out-of-pocket expenses, humiliation, embarrassment and inconvenience because of his eviction.

Plaintiff's brother-in-law, Barry Hughes, testified that he helped plaintiff move from the hotel on April 30. Hughes stated that as plaintiff checked out of the hotel, the desk clerk "... brought [a] letter over to Harvey ... and he said maybe this will help because this is not right what they're doing." Appellant's attempts to introduce the note into evidence were unsuccessful; Hughes did not testify as to the contents of the note. Hughes stated he did not know who wrote the note. Plaintiff testified that he believed the note was written by Robert Narin, a clerk at the Texas State Hotel. However, the record indicates that Narin did not testify; nor did plaintiff request a continuance to secure his appearance.

After a thorough examination of the record, we are unable to find any evidence before us to support the trial court's findings that no sighted tenant of Texas State Hotel was asked to leave on April 29, 1980; or that plaintiff was discriminated against because he was blind by being ordered to vacate. Even though the record supports

the proposition that plaintiff is within the class of persons protected by the statute and that he was evicted, this constitutes no evidence that he was evicted because of his blindness.

Although an action might have been maintained under Tex.Rev.Civ.Stat.Ann. art. 5236 (Vernon 1962), the trial court did not base its judgment thereon and its failure to do so has not been presented for review in this appeal. Consequently, this court has no choice but to reverse and render judgment for appellant, Texas State Hotel, Inc. Tex.R.Civ.P. 434.

However, we leave undisturbed the portion of the trial court's judgment of $125.00 for plaintiff, imposed as sanctions against appellant in connection with plaintiff's motion to compel defendant to answer interrogatories.